IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE NATHAN JAMES, JR.,<br>AIS 0000Z610, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIV. ACT. NO. 1:22-cv-252-TFM-N |
| TERRY RAYBON, Warden, *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Joe Nathan James, Jr, an Alabama state inmate, filed a Complaint under 42 U.S.C. § 1983 (Doc. 1) along with a Motion to Proceed without Prepayment of Fees (Doc. 2, filed 6/28/22), supported a certificate of his prison account balance. In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action is required to pay the full amount of the requisite filing fee. However, where an inmate lacks the funds necessary to pay the entire filing fee upon initiation of the civil action and has money available to him, the court shall assess and collect an initial partial filing fee.

Plaintiff submitted certified financial information that provides the Court with information necessary to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account prior to the filing of this complaint. This information reveals that Plaintiff lacks the funds necessary to pay the $350.00 filing fee. The documents further establish that for the six-month period immediately preceding the filing of the present complaint the average monthly deposits to Plaintiff's prison account were $0.00. Additionally, as of June 14, 2022, the average balance in Plaintiff's prison account was $3.17 and his current balance is $0.17. Thus, Plaintiff presently has insufficient funds in his prison account to pay an initial partial filing fee.

Therefore, in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (b)(2), it is **ORDERED** that:

1. Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is **GRANTED**.

2. At present, Plaintiff has insufficient funds in his prison account from which an initial partial filing fee can be assessed at this time. However, if those funds become available, Plaintiff shall make monthly payments of twenty percent (20%) of each preceding month's income and/or funds credited to his account as payments toward the $350.00 filing fee. The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this court pursuant to the directives contained in this order.

3. Plaintiff's custodian shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full. To aid Plaintiff and his custodian in complying with the requirements of this order, the Clerk is **DIRECTED** to furnish a copy of this order to the account clerk at the Holman Correctional Facility.

The Court notes that Plaintiff's execution date is set for July 28, 2022 which means an extremely short time frame to review and address the matters raised by the Plaintiff.  As such, it is **ORDERED** that the Court is construes the Complaint as containing a request for a Preliminary Injunction to which Defendant shall file a response on or before **July 8, 2022**.

Due to the expedited response time, the Clerk of Court is **DIRECTED** to send a copy of this information to Defendants by expedited means to ensure they receive the information as soon as possible.  In addition to the normal method of serving this Order and Complaint, the Court also authorizes the use of overnight delivery and email for notification purposes.

**DONE** and **ORDERED** this 29th day of June, 2022.

>/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE