IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JOE NATHAN JAMES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00252-TFM-N |
| | ) | |
| **TERRY RAYBON,** | ) | |
| | ) | |
| Warden, Holman | ) | |
| Correctional Facility | ) | |
| | ) | |
| **JOHN HAMM** | ) | |
| | ) | |
| Commissioner, | ) | |
| Alabama Department | ) | |
| Of Corrections | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Joe Nathan James has brought this action pursuant to 42 U.S.C. § 1983 against Terry Raybon, Warden of Holman Correctional Facility, and John Hamm, Commissioner of the Alabama Department of Corrections, in their official capacities. Plaintiff's complaint fails to state any claim against Defendants upon which relief can be granted. As a result, this lawsuit should be dismissed.

### Background

Plaintiff has been on death row since his 1996 conviction for the murder of Faith Hall. *James v. State*, 723 So. 2d 776, 786 (Ala. Crim. App. 1998). Plaintiff,

1

who had multiple prior convictions, committed a brutal murder during the course of a burglary, and his guilt is not in doubt. His conviction and sentence are final because he has completed his direct appeal, state postconviction review, and federal habeas review. Consequently, on March 17, 2022, the State of Alabama filed a motion to set his execution date with the Alabama Supreme Court. On June 7, 2022, the Alabama Supreme Court granted the State's motion, setting Plaintiff's execution for July 28, 2022. The present action, along with multiple other contemporaneous actions, have been filed since Plaintiff's execution date was set.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, a court accepts the plaintiff's factual allegations as true. *Id.* at 678. "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). "[A]s early as possible," a district court should resolve "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367, 1367 n.35 (11th Cir. 1997). Such disputes "always present[] a purely

legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367. "A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion when the complaint shows on its face that the limitations period has run." *Powell v. Thomas*, 792 F. Supp. 2d 1285, 1287 (M.D. Ala.), *aff'd*, 643 F.3d 1300 (11th Cir. 2011).

## Facts

Plaintiff alleges scant facts to support his claims, but, on the face of the complaint, his allegations against the Defendants arise out of the issuance and delivery of the Alabama Supreme Court's order setting Plaintiff's execution for July 28, 2022 (hereinafter "the execution warrant", attached hereto as attachment "A"). (Doc. 1 at 4.) Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the execution warrant was issued on June 7, 2022, and Plaintiff alleges that it was "delivered to the defendant's [sic] by the Marshall of the Appellate Courts of Alabama… ." *Id.* Plaintiff contends that the issuance and delivery of the execution warrant violated Ala. Code § 15-18-80, a superseded code section that once governed the issuance of execution orders in capital cases. Based on that statute, Plaintiff alleges that "the order does not, under existing law, constitute an execution warrant and therefore does not grant the defendants the authority to perform an execution." (Doc. 1 at 4.) While his reasoning is somewhat obscure, Plaintiff contends that the issuance of the execution warrant and his execution

pursuant to it would violate "the due process and equal protection clauses of the Fourteenth Amendment… ." (Doc. 1 at 8.)

### Argument

Plaintiff alleges federal constitutional claims under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that the Defendants, acting in their official capacity, violated Plaintiff's rights to equal protection and due process under the Fourteenth Amendment by accepting the execution warrant and beginning the execution process based upon that order. (Doc. 1 at 8.) Defendant moves to dismiss Plaintiff's claims.

**Plaintiff's Complaint Should Be Dismissed Because It Fails To State A Claim Upon Which Relief Can Be Granted.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint against the legal standard set forth in Rule 8: 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (per curiam) (quoting FED. R. CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." *Graham v.*

*Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). As a result, under § 1983, "analysis begins by identifying the specific constitutional right allegedly infringed." *Id.* at 394; *see also Baker*, 443 U.S. at 140 ("The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged."). Plaintiff complains generally that his Fourteenth Amendment rights to equal protection and due process were violated by Defendant. However, he does not adequately allege *how* Defendant violated these rights, nor does the face of the complaint show that any violation occurred.

The Alabama Legislature originally promulgated the rules governing Alabama criminal procedure in Title 15 of the Alabama Code. Plaintiff's claim of an equal protection and due process violation relies on of those legislative rules, specifically Ala. Code § 15-18-80 - a superseded code section that once governed the issuance of execution orders in capital cases. Section 15-18-80 originally required that orders setting execution must be issued "by the clerk of the court in which the sentence was pronounced," and not by the Alabama Supreme Court. Plaintiff's entire complaint is premised on his apparent belief that the execution warrant setting his execution "does not constitute an execution warrant" pursuant to section 15-18-80. However, in enacting Title 15, the legislature specifically provided that:

5

> Any provisions of this title regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama.

Ala. Code § 15-1-1. Since the enactment of Ala. Code § 15-18-80, the Alabama Supreme Court adopted the current Alabama Rules of Appellate Procedure, including Rule 8 which provides, in pertinent part:

> *Death.* When pronouncing a sentence of death, the trial court shall not set an execution date, but it may make such orders concerning the transfer of the inmate to the prison system as are necessary and proper. The supreme court shall at the appropriate time enter an order fixing a date of execution, not less than 30 days from the date of the order, and it may make other appropriate orders upon disposition of the appeal or other review. The supreme court order fixing the execution date shall constitute the execution warrant.

Ala. R. App. P. 8. Thus, the Alabama Supreme Court has adopted a "rule of practice and procedure" that governs the issuance of orders authorizing and setting the date for executions. *Id.* Consequently, the procedures, under Ala. Code § 15-18-80, which required issuance of execution orders by circuit clerks, no longer apply.

In the present case, the execution warrant setting the date for Plaintiff's execution was issued by the Alabama Supreme Court in full compliance with Rule 8 and Alabama law. (Attachment "A".) Because that order was legal, and because Plaintiff's reliance on a superseded statute is plain on the face of his complaint (Doc. 1 at 4, 8), Thus, Plaintiff's contention that the execution warrant "does not constitute an execution warrant" is plainly wrong. *Id.* Plaintiff's complaint does not

"state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Consequently, the complaint should be dismissed as to all defendants.

## Conclusion

For the reasons stated above, the Court should dismiss all claims asserted against Defendants Raybon and Hamm.

                                      Respectfully submitted,

                                      Steve Marshall,
                                       *Attorney General*

                                      /s/ Richard D. Anderson
                                      Richard D. Anderson
                                      *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July 2022, I electronically filed the foregoing using the CM/ECF system, and that I have further served a copy on the Plaintiff, by placing same in the United States Mail, postage prepaid, and addressed as follows:

>Joe Nathan James
>Z610
>Holman Correctional Facility
>1240 Ross Road
>Atmore, AL 36502

/s/ Richard D. Anderson
Richard D. Anderson
*Assistant Attorney General*

**Counsel for Defendants**

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Richard.Anderson@AlabamaAG.gov