## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR.,<br>AIS 000Z610 | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| TERRY RAYBON, Warden, *et. al.*, | ) |
| | ) |
| **Defendants.** | ) |

CIV. ACT. NO. 1:22-cv-252-TFM-N

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Joe Nathan James, Jr., an Alabama death row inmate, is scheduled for execution on July 28, 2022. Proceeding *pro se* and *in forma pauperis*,[1] James filed the instant action, pursuant to 42 U.S.C. § 1983, against Defendants Warden Terry Raybon and Alabama Department of Corrections Commissioner John Hamm, in their official capacities, alleging violations of his federal constitutional rights under the Fourteenth Amendment. Doc. 1. The Court has construed James' Complaint as containing a Motion for Preliminary Injunction (*see* Doc. 3), which is now before the Court, as is the Defendants' Response (Doc. 8),[2] and review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

---

[1]      On June 23, 2022, Plaintiff filed his Complaint (Doc. 1) along with a Motion to Proceed without Prepayment of Fees. Doc. 2; *see also Houston v. Lack,* 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (A *pro se* prisoner who places a federal civil rights complaint in the prison's internal mail system will be treated as having "filed" that complaint on the date it is given to prison authorities for mailing to the court.). Upon review of Plaintiff's motion and submitted certified financial information, the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees. Doc. 4.

[2]      On June 29, 2022, the Court ordered Defendants to respond to Plaintiff's Motion for Preliminary Injunction on or before July 8, 2022. *See* Doc. 4. On July 5, 2022, Defendants filed a Motion to Dismiss Plaintiff's Compliant. Doc. 8. The Court hereby considers Defendants' Motion to Dismiss as a response to Plaintiff's Motion for Preliminary Injunction.

[3]      Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review his complaint under 28 U.S.C. § 1915(e)(2)(B) which states: "(2) Notwithstanding any filing fee, or

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

In 1996, a Jefferson County, Alabama jury found James guilty of murdering his former girlfriend and recommended the death penalty.  *See James v. State*, 723 So. 2d 776, 777–78 (Ala. Crim. App. 1998).  His conviction was reversed by the Alabama Court of Criminal Appeals based on the erroneous admission of hearsay evidence during the first trial.  *See id.* at 784, 786.  On retrial, a Jefferson County, Alabama jury, again, found James guilty of murder and unanimously recommended a death sentence, and the court sentenced James to death.  *See James v. State*, 788 So. 2d 185, 197 (Ala. Crim. App. 2000) (discussing and upholding the imposed death sentence). James' conviction and sentence were affirmed on direct appeal, and his state court post-conviction petitions were denied.  *See James v. State*, 788 So. 2d 185 (Ala. Crim. App. 2000), *cert. denied,* 532 U.S. 1040, 121 S. Ct. 2005, 149 L. Ed. 2d 1007 (2001); *James v. State*, 61 So. 3d 332 (Ala. Crim. App. 2006); *James v. State*, 61 So. 3d 357 (Ala. Crim. App. 2010), *cert. denied without opinion* Oct. 15, 2010.

Thereafter, James filed a federal habeas petition, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of Alabama, Southern Division, where his claims were denied as procedurally defaulted and/or meritless.  *See James v. Culliver*, Civ. Act. No. CV-10-S-2929-S, 2014 WL 4926178, 2014 U.S. Dist. LEXIS 139696 (N.D. Ala. Sept. 30,

---

any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...(B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[4]      The Court takes judicial notice of James' previously filed petitions, as well as the appellate rulings which followed. These opinions are readily available from this this Court's filing system, as well as reliable sources on the Internet, specifically, searches on Westlaw.com and Lexisnexis.com.  *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (The Court takes judicial notice of its records."); *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (At its discretion, the Court may take judicial notice of documents filed in other judicial proceedings, because they are public documents.).

2014).  Appeal of that judgment was affirmed by the Eleventh Circuit,[5] and his petition for writ of certiorari was denied by the United States Supreme Court on March 1, 2021.  *James v. Raybon*, 141 S. Ct. 1463, 209 L. Ed. 2d 180 (2021).  On April 11, 2022, James filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in this court, which was dismissed without prejudice, prior to service, for lack of jurisdiction as an unauthorized successive petition.  *James v. Raybon*, Civ. Act. No. 1:22-CV-00152-JB-N, 2022 WL 2308917, 2022 U.S. Dist. LEXIS 113260 (S.D. Ala. June 27, 2022)

On March 17, 2022, the State of Alabama filed a motion to set the execution of Joe Nathan James.  Doc. 8-1 at 2.  On June 7, 2022, the Supreme Court of Alabama granted the State's motion and set the execution of Joe Nathan James for July 28, 2022, ordering that it be carried out by the Warden of the William C. Holman Correctional Facility by the means provided by law. (Hereinafter "the execution order" or "the Order").  *Id*.; Doc. 1 at 4.  In response to the setting of his execution, Plaintiff has filed numerous actions, including the suit currently before the Court.[6]

## II.   COMPLAINT

---

[5] *James v. Warden*, 957 F.3d 1184 (11th Cir. 2020). The Eleventh Circuit did grant a certificate of appealability on James's claim that his trial counsel provided ineffective assistance during the penalty phase. After review of the limited claim, the Court affirmed the district court's denial of James's 2254 petition. *James v. Warden*, 957 F.3d 1184, 1190 (11th Cir. 2020), *cert. denied sub nom. James v. Raybon*, 141 S. Ct. 1463, 209 L. Ed. 2d 180 (2021).

[6]    On June 22, 2022, this Court docketed two factually related § 1983 actions filed by James, which essentially request that he be allowed to opt in to being executed by nitrogen hypoxia. *See James v. Marshall*, No. 1:22-cv-00241-TFM-N (S.D. Ala.); *James v. Federal Defenders of the Middle District of Alabama*, No. 1:22-cv-00242-TFM-N (dismissed without prejudice on June 29, 2022, pursuant to 28 U.S.C. § 1915(e)(2)(B)).  James subsequently filed four factually related § 1983 actions, including this one, challenging the Alabama Supreme Court order under which his execution sentence is currently proceeding. *See James v. Raybon, et al.*, No. 1:22-cv-00253-TFM-N, docketed on June 27, 2022, along with this current action, and *James v. Weller, et al.*, No. 1:22-cv-00270-TFM-N and *James v. Pettway, et al.*, No. 1:22-cv-00271-TFM-N, docketed on July 5, 2022.

James sues Defendants Raybon and Hamm, as Warden of Holman Correctional Facility and Commissioner of the Alabama Department of Corrections, respectively, for violating his Fourteenth Amendment rights to due process and equal protection, by accepting the execution order issued on June 7, 2022, by the Alabama Supreme Court and beginning the execution process based upon that order.  Specifically, James alleges that the "Order . . . does not, under existing law, constitute a[n] execution warrant and therefore does not grant the defendants the authority to perform an execution."  Doc. 1 at 4.

According to James, on June 8, 2022, the Order setting his execution date was hand delivered to Warden Raybon and Hamm by a marshal of the appellate courts of Alabama.  He contends this violates the requirement of Ala. Code § 15-18-80 "that the Clerk of Court in which the sentenced was pronounced shall issue a warrant under the seal of the trial court, and that said warrant shall be delivered along with the condemned to the Warden of Holman prison."  Doc. 1 at 4, 8.  James thus challenges in his Complaint that he is being subjected to execution without a valid warrant.

James requests that the Court issue a temporary restraining order to stop the execution process and issue a preliminary injunction ordering defendants to stop the practice of using orders issued by the Alabama Supreme Court as authority to execute and discontinue the practice of delivery of the condemned and the warrant through illegal means, in violation of 15-18-80.[7]  Doc. 1 at 7.

---

[7]     Although not mentioned in Section V. of the §1983 Complaint form (where the plaintiff is required to "State briefly exactly what you want the Court to do for you if you win"), James does ask the Court (within the body of his Complaint) to "Order that a legal execution warrant cannot be issued in this matter, under existing law, without violating due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution" and permanently stay the July 28, 2022 execution.  (Doc. 1 at 8).  The Court pauses to note that this claim is obscure to say the least, in that James' entire complaint is built around the premise that the State of Alabama has

The Court construed James' Complaint as containing a request for a Preliminary Injunction to stay execution, to which Defendants have responded.

## III.   JURISDICTION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) *(per curiam)* (citing *Preiser,* 411 U.S., at 500, 93 S.Ct. 1827). An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983. 540 U.S., at 750, 124 S.Ct. 1303.

*Hill v. McDonough*, 547 U.S. 573, 579, 126 S. Ct. 2096, 2101, 165 L. Ed. 2d 44 (2006).  The crux of James' suit goes to the administrative procedures and protocol of carrying out his sentence, not to the enforcement of a conviction or sentence.  That is, the nature of James' challenge does not necessarily imply the invalidity of his confinement or sentence.  *But cf.*, *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (questions whether "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity" of the conviction or

---

statutory requirements in place to render valid execution warrants and demands that it is that statutory protocol which should be followed, and James offers no additional facts or support of the claim.

Nevertheless, to the extent James seeks a permanent stay of execution, such relief is not cognizable in a § 1983 action and lies "within the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 79, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).  Simply stated, a claim that would "necessarily imply the invalidity of his conviction or sentence" may only be brought in a habeas petition. *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994). Accordingly, relief of a permanent stay of execution would negate the sentence imposed by the state court and is can only be maintained through § 2254.  *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [section] 2254 habeas petition, not a [section] 1983 civil rights action.").

Furthermore, any subsequent habeas petition brought by James (at this juncture) must meet the requirements of 28 U.S.C. § 2244(b)(3)(A).  *Accord Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)) (per curiam).

sentence); *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (questions whether the suit seeks to establish "unlawfulness [which] would render a conviction or sentence invalid"). Accordingly, § 1983 appears to be the proper vehicle for his challenge, where injunctive relief is sought to "discontinue the practice of delivery of the condemned and the warrant through illegal means, in violation of 15-18-80."

## IV.    PRELIMINARY INJUNCTION

"Filing a § 1983 action does not entitle the complainant to an automatic stay of execution." *Hill v. McDonough*, 547 U.S. 573, 574, 126 S. Ct. 2096, 2099, 165 L. Ed. 2d 44 (2006) ("Such a stay is an equitable remedy not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from federal courts."). Rather, "[i]ts grant is the exception rather than the rule[.]" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).[8]  A federal court may issue the equitable remedy only if the inmate demonstrates each of the following elements: (1) he has a substantial likelihood of success on the

---

[8]    Regarding motions to stay executions, the Supreme Court has instructed:

> Courts should police carefully against attempts to use such challenges as tools to interpose unjustified delay. Last-minute stays should be the extreme exception, not the norm, and "the last-minute nature of an application" that "could have been brought" earlier, or "an applicant's attempt at manipulation," "may be grounds for denial of a stay." *Hill*, 547 U.S. at 584, 126 S.Ct. 2096 (internal quotation marks omitted). So, for example, we have vacated a stay entered by a lower court as an abuse of discretion where the inmate waited to bring an available claim until just 10 days before his scheduled execution for a murder he had committed 24 years earlier. See *Dunn* v. *Ray*, 586 U.S. ——, 139 S.Ct. 661, —— L.Ed.2d — (2019). If litigation is allowed to proceed, federal courts "can and should" protect settled state judgments from "undue interference" by invoking their "equitable powers" to dismiss or curtail suits that are pursued in a "dilatory" fashion or based on "speculative" theories. *Id.*, at 584–585, 126 S.Ct. 2096.

*Bucklew v. Precythe*, 139 S. Ct. 1112, 1134, 203 L. Ed. 2d 521 (2019) (internal footnote omitted).

merits; (2) he will suffer irreparable injury unless the stay issues; (3) the threatened injury outweighs the harm the stay would cause the other litigant; and (4) if issued, the stay would not be adverse to the public interest. *Price v. Comm'r, Ala. Dep't of Corr.*, 920 F.3d 1317, 1323 (11th Cir. 2019); *see also Sells v. Livingston*, 561 F. App'x 342, 344 (5th Cir. 2014) (explaining the four elements to be established are essentially the same where the requested relief is a preliminary injunction or stay of execution).

James is not entitled to a stay of execution because he has failed to establish a substantial likelihood of success on the merits of his claim. *See Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant 'clearly carries the burden of persuasion' as to the four prerequisites."). The issuance and delivery of the Alabama Supreme Court's order setting James' execution for July 28, 2022, complies with the current state procedures and is a valid, legal execution warrant. James' reliance on Ala. Code § 15-18-80, as the proper procedure for the issuance of Alabama execution warrants, is simply incorrect.

Title 15 of the Alabama Code was originally enacted to govern the rules of Alabama criminal procedure. As to issuance of execution orders in capital cases, it promulgated:

When sentenced to death:

1. Within 10 days of pronouncement of sentence, the clerk of the court which pronounced the sentence shall issue a warrant under the seal of the court for the execution of the sentence of death. The warrant shall recite the fact of conviction, setting forth the offense, judgment of the court, and the time fixed for his execution. The warrant shall be directed to the warden of Holman and command him to proceed with the execution, at the time and place named in the sentence, as provided by 15-18-82. The clerk shall deliver such warrant to the sheriff of the county in which the judgment of conviction was had. The sheriff shall deliver the warrant and condemned person to the warden (as provided in section (b)).

2. If the defendant appeals to the Supreme Court of Alabama and the execution sentence is suspended by the trial court, the condemned person shall remain in

the county jail where convicted, unless the trial court orders otherwise.  In that case, upon the Supreme Court's affirmation of the sentence, a warrant for the execution of the death sentence, shall be issued under seal of the court, and the warrant and condemned person shall be delivered within 10 days after such affirmation of the Supreme Court to the warden.

When sheriff receives the warrant:

Sheriff shall transport condemned person to Holman and deliver condemned and warrant to the warden.

ALA. CODE § 15-18-80.  In enacting Title 15, the legislature also provided that:

Any provisions of this title regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama.

ALA. CODE § 15-1-1.  Since the enactment of Title 15, and specifically § 15-18-80, the Supreme Court of Alabama adopted the current Alabama Rules of Appellate Procedure, including Rule 8, which provides, in pertinent part:

(1) *Death.* When pronouncing a sentence of death, the trial court shall not set an execution date, but it may make such orders concerning the transfer of the inmate to the prison system as are necessary and proper. The supreme court shall at the appropriate time enter an order fixing a date of execution, not less than 30 days from the date of the order, and it may make other appropriate orders upon disposition of the appeal or other review. The supreme court order fixing the execution date shall constitute the execution warrant.

ALA. R. APP. P. 8(d)(1).  Thus, the Alabama Supreme Court has adopted a "rule of practice and procedure" that governs and supersedes Ala. Code. § 15-18-80.[9]  *Cf. Holsemback v. State*, 443 So.2d 1371 (Ala. Crim. App. 1983) (Although a legislative enactment takes precedence over a court rule, when the Legislature gives the court the power to make rules and the court acts, the rules become of legislative origin in substance.); *see also Jones v. Allen,* 485 F.3d 635, 640 n.2

---

[9]    Code Commissioner's Notes to § 15-18-80 state, "For part of this section being superseded by Rule 8, Alabama Rules of Appellate Procedure, see the committee comment to the amendment to Rule 8(d)(1) , effective February 4, 1985."

(11th Cir. 2007) ("[T]he Alabama Supreme Court is authorized to enter an order fixing an inmate's date of execution 'at the appropriate time.'") (citing ALA. R. APP. P. 8(d))).

Accordingly, the execution order setting the date of Joe Nathan James's execution for July 28, 2022, was issued by the Alabama Supreme Court in full compliance with Rule 8 and Alabama law. Consequently, James' contention that the execution order does not constitute an execution warrant is simply incorrect. It thus follows that Defendants Raybon and Hamm are not liable for beginning illegal or unconstitutional execution procedures against him. As the movant, James has failed to carry his burden of persuasion of showing "a substantial likelihood of success on the merits of his claim", *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000), and his request for a preliminary injunction must be denied.

## V. SECTION 1915(E)(2)(B) REVIEW

Because Plaintiff proceeds *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915(e)(2)(B) which states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...(B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### A.    Standard of Review

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). In ascertaining

whether Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Plaintiff's allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

**B.   Discussion**

To state a claim under § 1983, Plaintiff must establish that "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see also Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (In a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights to state a claim upon which relief may be granted.).  James alleges that Warden Raybon violated his due process and equal protection rights, pursuant to the Fourteenth Amendment, by beginning the execution process against him without a valid execution warrant, challenging the authority of the execution order issued by the Alabama Supreme Court instead the trial court, as set out in Ala. Code. § 15-18-80.  Doc. 1 at 5.   Similarly, he alleges that Commissioner Hamm allows James (and other inmates) "to be housed and executed at Holman prison without an execution warrant." *Id*.

The Due Process Clause of Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV.  "A liberty interest may arise from the Constitution itself...or it may arise from an expectation or interest created by state laws or policies...." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393, 162 L. Ed.

2d 174 (2005).  Though not clearly articulated, James' allegation that the execution process has been started against him wrongly, unconstitutionally appears to be a challenge to his right to due process.  For the reasons previously discussed in Section IV, however, the execution order issued by the Alabama Supreme Court on July 7, 2022, delivered to Defendants on June 8, 2022, setting the execution date of Joe Nathan James for July 28, 2022, is a valid execution order, warrant.  The execution order follows the procedures set out in Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, which superseded Ala. Code § 15-18-80.  Accordingly, James has failed to and cannot show that the execution order issued by the Supreme Court of Alabama is invalid or noncompliant with state rules and regulations regarding capital sentences and execution warrants.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1989) (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982)).  To state an Equal Protection claim, a plaintiff  must (1) "show that the State will treat him disparately from other similarly situated persons," (2) "if a law treats individuals differently on the basis of a suspect classification, or if the law impinges on a fundamental right, it is subject to strict scrutiny, or (3) otherwise "must show that the disparate treatment is not rationally related to a legitimate government interest." *Arthur v. Thomas*, 674 F.3d 1257, 1263 (11th Cir. 2012) (internal modifications and citations omitted).  James has raised no factual basis or legal argument to support that his right to Equal Protection was violated.

Accordingly, James has not and cannot show that Defendants Raybon and Hamm have violated his rights to due process and equal protection by beginning execution procedures against

him without legal authority or in violation of any state or federal law.  Consequently, James' complaint is implausible on its face and fails to state a claim upon which relief can be granted.

Based on the foregoing, this action is due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim upon which relief can be granted or as frivolous.

## VI.  CONCLUSION

Based on the above, it is **ORDERED** that James' Motion for a Preliminary Injunction staying his execution is **DENIED**.

It is furthered **ORDERED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), that James' Complaint (Doc. 1) is **DISMISSED without prejudice** because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.  As a result, the Defendants' Motion to Dismiss (Doc. 8) is **DENIED as moot**.[10]

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the Plaintiff by overnight mail.  Further, Defense Counsel is **ORDERED** to send a copy of the Memorandum Opinion and Order to the warden by either electronic mail or facsimile with the instructions that a copy of this Memorandum Opinion and Order be given to the Plaintiff immediately upon receipt.

**DONE** and **ORDERED** this 11th day of July 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[10]     While normally the Court would issue a briefing schedule for a response to the motion to dismiss, the review under 28 U.S.C. § 1915(e)(2)(B) rendered the briefing process unnecessary. Further, given the time constraints involved in this matter, the Court determined it to be appropriate to issue an order as promptly as possible.