In The United States District Court
For the Southern District of Alabama

Jon Nathan James, Jr  §
  Plaintiff,            §
                        §
V.                      § Case No. 1:22-CV-00252-TFM-N
                        §
Terry Raybon,           §
John Hamm               §
  Defendants            §

## Reply to Defendants Motion to Dismiss

The Defendants argue that Rule 8(d)(1) of the Alabama Rules of Appellate Procedure has superseded a statute that governs the issuance of execution warrants and the delivery of inmates condemned to die, such an argument cannot even be considered as dicta.

No Court rule can supersede a legislative act without violating the separation of powers doctrine under Article 1 §1, Article 2 §1 and Article 3 §1 of the United States Constitution, and specifically in Alabama such an act would offend the separation of powers provision under Article III §§ 42, 43 of the Alabama Constitution of 1901.

The Alabama Supreme Court created Rule 8(d)(1) seemingly as a way to usurp authority and jurisdiction §12-2-7(4) of the Alabama Code 1975 provides that the Alabama Supreme Court is only granted the power

to make and promulgate rules governing the administration of all Courts and rules governing practise and procedure in all Courts; provided, that such rules shall not abridge, enlarge, or modify the substantive right of any party nor affect the jurisdiction of Circuit and District Courts or venue of actions therein.

The Plaintiff had a substantive right to not be delivered into the hands of the Warden before an execution warrant was issued, the Plaintiff had a right to not have a date set for his execution other than by a warrant issued by the clerk of the trial court in which the sentence was pronounced, the Plaintiff has a substantive right to not have his life placed in imminent or taken on a Order issued by the Alabama Supreme Court.

The Alabama Supreme Court has been granted no authority to modify or to make law, in fact Alabama law has long held that the only power of the Alabama Supreme Court is to declare the law as enacted by the legislature, Champion v. McLean, 244 Ala. at 117-18, 95 So. 2d at 97.

The only power the Alabama Supreme Court has in this matter is to affirm the Plaintiff's appeal, §15-18-80 of the Alabama Code 1975, the Court has no power to direct that the Plaintiff's sentence be executed.

§13-22-243 of the Alabama Code 1975 provides that upon affirmation of a judgment carrying the death penalty, the Court of Criminal Appeals must direct the sentence to be executed and, if the day appointed for the execution of the sentence has passed, must specify a day for the execution of the sentence, and the judgment and sentence must be executed.

The procedure used in this matter from the delivery

3

of the Plaintiff into the hands of the Warden without an execution warrant to the issuance of the Order by the Alabama Supreme Court directing that the Plaintiff's death sentence be executed has been one of convenience and not one in accord with the due process and equal protection clauses under the Fourteenth Amendment of the United States Constitution. The Plaintiff's guaranteed rights under the Fourteenth Amendment have been violated to a point where no execution warrant can issue in this matter.

Article VI § 140 of the Alabama Constitution of 1901 provides that except in cases otherwise directed in this Constitution, the Supreme Court shall have appellate jurisdiction only, which shall be coextensive with the State, under such restrictions and regulations, not repugnant to this Constitution, as may from time to time be prescribed by law, except where jurisdiction over appeals is vested in some inferior Court, and made final therein; provided that the Supreme Court shall have power to issue writs of injunction, habeas corpus, quo warranto, and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions.

Clearly, based on Alabama law and its own Constitution the Order issued by the Alabama Supreme Court and the method of its delivery violate due process and equal protection, therefore the execution date set for July 28, 2022 must be stayed and the requested temporary restraining order and preliminary injunction must issue.

Done this 7th day of July 2022

2)

Respectfully Submitted<br>
_Joe N. James_ #2-610<br>
Plaintiff

Joe N. James #2-610
K-25
Holman 3700
Atmore, AL. 36503

## Certificate of Service

I hereby certify that on the 7th day of July, 2022 I served a copy of this Reply to the Defendants and their Counsel by placing the same in the legal mail system here at Holman Prison, addressed as follows:

Terry Raybon
Holman 3700
Atmore, AL. 36503

John Hamm
301 S. Ripley Street
Montgomery, AL. 36130-1501

Richard D. Anderson
Assistant Attorney General
501 Washington Avenue
P.O. Box 300152
Montgomery, AL. 36130-0152

Joe N. James #Z-410
Plaintiff

Joe N. James # Z-610
K-25
Holman 3700
Atmore, AL. 36503



MOBILE P&DC 366
FRI 08 JUL 2022  PM

United States District Court
Southern District of Alabama
Clerk
155 St. Joseph Street
Mobile, Alabama 36602

Legal Mail